IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHIRLEY D. DEAN, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:07-CV-496-ID |
| CITY OF MONTGOMERY, | ) |
| Defendant. | ) |

RECEIVED
2007 OCT 26 P 3: 42
DEBRA P. HACKETT, CLK

## MOTION FOR LEAVE TO AMEND COMPLAINT AND AMENDED COMPLAINT

COMES NOW, the Plaintiff, Shirley D. Dean, and moves this Honorable Court to amend the complaint in this action. As grounds for said motion, the Plaintiff represents unto this Court the following:

1. That the amended complaint reflects the additional cause of action of unlawful termination due to Plaintiff's race, African-American, and in retaliation for filing an EEOC charge against the Defendant, City of Montgomery.

2. That Plaintiff's amended cause of action arises out of the same set of facts as the original complaint filed on June 6, 2007.

3. At the time of filing the original complaint, Plaintiff had EEOC Charge No. 420-2007-01344 pending, but EEOC had not issued a Notice of Right to Sue for Plaintiff's charge of wrongful termination.

4. That the United States Department of Justice issued a Notice of Right to Sue on October 1, 2007, after conciliation efforts failed. The Notice of Right to Sue was received on or about October 3, 2007. Plaintiff has ninety days to file in federal district court, so this amended complaint is timely filed.

5. That the amendment requested by Plaintiff relates back to the date of the original pleading and the additional claim arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Federal Procedures, Rule 15(c).

6. That the interest of justice so require.

7. That the Defendant is not prejudiced by the change as trial date has been set for the June 23, 2008 trial docket, and parties are just beginning discovery in this cause.

Respectfully submitted this the 26th day of October 2007.

Kathryn Dickey (ASB8797-k57d)
Attorney for Plaintiff
322 Alabama Street
Montgomery, AL 36104
(334) 262-0728
(334) 265-7696 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by placing a copy of same in the United States mail postage prepaid and properly addressed to the following attorney of record on this the 26th day of October 2007:

Honorable Michael David Boyle
City of Montgomery Attorney
103 North Perry Street
Montgomery, AL 36104

OF COUNSEL

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA 2007 OCT 26  P 3: 42
NORTHERN DIVISION

DEBRA P. HACKETT, CLK

| | | |
|---|---|---|
| SHIRLEY D. DEAN, | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:07-cv-496-ID |
| v. | § | JURY DEMAND |
| CITY OF MONTGOMERY, | § | |
| Defendant. | § | |

## AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, Shirley D. Dean, and hereby files her amended complaint against the Defendant, City of Montgomery, reflecting one additional count for wrongful termination, as set forth herein below.

### I.

### JURISDICTION

1. Plaintiff, Shirley D. Dean, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U. S. C. 1331, 2201 and 2202 as an action arising under the act of Congress known as Title VII of the **Civil Rights Act of 1964**, as amended, 42 U.S.C. §2000 et seq., the 1991 Civil Rights Act, 42 U.S.C. 1981, 42 U.S.C. 1983, The Pregnancy Act, and 42 U.S.C. 1981a, as amended, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of back pay and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff in her employment due to her gender, female, and in

retaliation for Plaintiff's stand against unlawful employment practices and for Plaintiff's filing of an EEOC charge against the City of Montgomery.

2. Plaintiff, Shirley D. Dean, avers that she has pursued and exhausted her administrative remedies. In particular, Shirley D. Dean filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission's Birmingham Office on or about June 26, 2006, alleging sex discrimination (sex harassment) and retaliation as a continuing action.

3. Plaintiff, Shirley D. Dean, filed an amended charge of discrimination on July 24, 2006, for retaliation, as a continuing action.

4. Plaintiff, Shirley D. Dean, filed another charge of discrimination with the EEOC alleging violation of the Pregnancy Act and retaliatory termination on or about December 27, 2006. This charge of discrimination is a pending charge at the EEOC. Shirley Dean was 8½ months pregnant at the time of her termination just before Christmas on December 21, 2006. A right-to-sue has been requested.

5. The United States Department of Justice issued a Notice of Right to Sue on October 1, 2007, following failed attempts at conciliation with the Defendant, City of Montgomery. The Plaintiff received her notice of right to sue on or about October 3, 2007.

6. The United States Equal Employment Opportunity Commission issued a letter of Determination on the merits of the charges filed in June and July of 2006 on January 19, 2007, advising the City of Montgomery that the EEOC found reasonable cause to believe that violations had occurred and issued an invitation to conciliate. The City of Montgomery denied. The EEOC then transmitted Shirley Dean's case to the

Department of Justice. A Notice of Right to Sue was subsequently issued by the DOJ on March 14, 2007, and Plaintiff, Shirley D. Dean, received the Notice of Right to Sue on or about March 17, 2007.

## II.

## VENUE

7. Venue is proper in the Middle District of Alabama, since the cause of action of Plaintiff Dean arose in Montgomery County of the Middle District of Alabama and the Defendant City of Montgomery is an agency of government operating in Montgomery County, Alabama during the time period made the subject matter of this Complaint.

## III.

## PARTIES

7. The named Plaintiff, Shirley D. Dean, is a citizen of the United States and of Montgomery County, Alabama, and is over the age of nineteen years. She was an employee of the Defendant's during the subject matter of this complaint.

8. The named Defendant, City of Montgomery, is a government agency operating in Montgomery County, Alabama during the subject matter of this complaint.

## IV.

## STATEMENT OF FACTS GIVING RISE TO
## THE PLAINTIFF'S CAUSE OF ACTION

9. Plaintiff Dean was employed by the City of Montgomery at the City Jail as a Correction Officer for approximately five (5) years prior to her unlawful termination on December 21, 2006.

10. Plaintiff Dean was a victim of sexual harassment by a male jailer. She was subjected to unwelcome comments, offensive language of a sexual nature, and offensive touching over a long period of time.

11. Plaintiff Dean reported the sexual harassment to her supervisor and to the assistant warden on December 27, 2005. Dean reported again on December 28, 2005. Other female employees with the City of Montgomery also reported sexual harassment by this particular male jailer, but to no avail. The harassment continued beyond the reporting.

12. On January 9, 2006, Plaintiff Dean received written counseling for absenteeism.

13. On March 12, 2006, Plaintiff Dean was suspended for twenty days without pay for an incident that occurred on January 9, 2006, the day she received a written counseling.

14. Plaintiff Dean filed an EEOC Charge of Employment Discrimination on June 26, 2006, because the sexual harassment continued and the retaliation against her for reporting the unlawful actions continued.

15. The City of Montgomery transferred Dean from second shift to third shift in retaliation of her filing an EEOC charge. The harasser remained on second shift, even though he was single and had no children living in his home. Dean was pregnant, had a young child at home, and her husband worked night shift, so third shift created a hardship for her.

16. Plaintiff continued to experience retaliation for her reporting of unlawful employment practices and her filing an EEOC charge. She was

ultimately terminated on December 21, 2006, while eight and a half months pregnant.

17.   Plaintiff alleges that any reasons given for her termination are merely pretext and the true reasons are in retaliation to her opposition to unlawful employment practices.

18.   Plaintiff alleges that she has suffered injuries as a result of the unlawful actions taken against her by the Defendant.

V.

COUNT ONE

**SEX DISCRIMINATION
(SEX HARASSMENT AND PREGNANCY ACT);
VIOLATION OF TITLE VII 42 U.S.C. 2000**

19.   Plaintiff Dean repeats, realleges, and incorporates by reference paragraphs 1-18 above, the same as if more fully set forth herein, and further alleges that the Defendant's actions towards her violated her right to be free of sex discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000(e) et seq., the Civil Rights Act of 1991, 42 U.S.C. §1981, as amended, and 42 U.S.C. §1981(a), as amended.

20.   As a proximate cause of the Defendant's actions, Plaintiff Dean has been injured and damaged, as set forth in paragraphs above. Dean has lost wages, health insurance benefits, and retirement benefits. In addition, Plaintiff Dean has suffered considerable mental and emotional anguish.

VI.

COUNT TWO

**RETALIATION**

21. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-20 above, the same as if more fully set forth herein, and further alleges that the Defendant's actions towards her violated her right to be free of discrimination (retaliation) in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq., the Civil Rights Act of 1991, and 42 U.S.C. §1981(a), as amended.

22. As a proximate cause of the Defendant's actions, Plaintiff Dean has been injured and damaged, as set forth in paragraphs above. In addition, Plaintiff Dean has suffered considerable mental and emotional anguish.

## VII.

## COUNT THREE

## HOSTILE WORK ENVIRONMENT

23. Plaintiff Dean repeats, realleges, and incorporates by reference paragraphs 1-22 above, the same as if more fully set forth herein, and further alleges that the Defendant's actions towards her violated her right to be free of a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et. seq., the Civil Rights Act of 1991, and 42 U.S.C. §1981(a), as amended.

24. As a proximate cause of the Defendant's actions, Plaintiff Dean has been injured and damaged, as set forth in paragraphs above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

## VIII.

## COUNT FOUR

### DISCRIMINATORY TERMINATION

25.   Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-24 above, the same as if more fully set forth herein, and further alleges that Defendant violated her right to employment free of race discrimination and retaliation, in violation of Title VII.

26.   As a proximate cause of the Defendant's actions, Plaintiff Dean has been injured and damaged, as set forth in paragraphs above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Dean prays that this Honorable Court grant the following:

A.   Assume jurisdiction over this action;

B.   A judgment declaring that Plaintiff Dean was discriminated against by the Defendant;

C.   An injunction requiring the Defendant grant Plaintiff Dean a permanent position with the City of Montgomery with all fringe benefits and other rights, including seniority rights to which she would have been entitled, had she not been a victim of discrimination;

D.   An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

E. An award of such compensatory damages, including back pay, and for mental anguish, to which Plaintiff Dean may be entitled;

F. An award of such punitive damages to which Plaintiff Dean may be entitled; and

G. Such further, other, and different relief as the Court may deem appropriate and necessary.

**A TRIAL BY JURY IS REQUESTED**

Respectfully submitted this the 26th day of October 2007.

*/s/ Kathryn Dickey*
Kathryn Dickey (ASB-8797-d57k)
Attorney for Plaintiff Shirley D. Dean

**OF COUNSEL:**

**Law Offices of Kathryn Dickey**
322 Alabama Street
Montgomery, AL 36104
(334) 262-0728
(334) 265-7696 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by placing a copy of same in the United States mail postage prepaid and properly addressed to the following attorney of record on this the 26th day of October 2007:

Honorable Michael David Boyle
City of Montgomery Attorney
103 North Perry Street
Montgomery, AL 36104

*/s/ Kathryn Dickey*
OF COUNSEL